# Exhibit S-4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ABDULLAH HAYDAR,

        Plaintiff,

vs.

AMAZON CORPORATE, LLC, a
foreign limited liability corporation;
GARRETT GAW, an individual;
PETER FARICY, an individual; and
JOEL MOSBY, an individual,

        Defendant.

Case No: 2:16-cv-13662

HON. LAURIE J. MICHELSON

MAG. STEPHANIE DAWKINS
DAVIS

---

| | |
|---|---|
| DAVID A. NACHT (P47034)<br>JOSEPH X. MICHAELS (P79084)<br>NACHTLAW, PC<br>101 N. Main Street, Suite 555<br>Ann Arbor, MI 48104<br>734.663.7550<br>dnacht@nachtlaw.com<br>jmichaels@nachtlaw.com<br>**_Attorneys for Plaintiff_** | ROBERT WOLFF<br>OH Bar No. 0006845<br>LITTLER MENDELSON, P.C.<br>Oswald Centre<br>1100 Superior Avenue<br>East, 20th Floor<br>Cleveland, OH 44114<br>216.623.6065<br>rwolff@littler.com<br><br>MICHAEL A. CHICHESTER, JR.<br>(P70823)<br>LITTLER MENDELSON, P.C.<br>200 Renaissance Center, Suite 3110<br>Detroit, MI 48243<br>313.446.6400<br>mchichester@littler.com<br>**_Attorneys for Defendants_** |

---

## DEFENDANT AMAZON CORPORATE LLC'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Defendant Amazon Corporate LLC, by and through its attorneys, LITTLER MENDELSON, P.C., submits its Answers and Objections to Plaintiff's First Set of Interrogatories and Responses and Objections to Plaintiff's Second Requests for Production of Documents to Defendant Amazon Corporate LLC ("Defendant") as follows:

## GENERAL OBJECTIONS AND COMMENTS

**Each and every answer or response to Plaintiff's First Set of Interrogatories and Second Requests for Production (the "Requests") is made subject to the following General Objections, regardless of whether a specific objection is stated in the answer or response. The assertion of a specific objection in response to a particular Request is not intended to constitute a waiver of General Objections that are not specifically referred to in the answer or response.**

**1.     To the extent that any or all of the Requests seek information protected from discovery, including the work product doctrine or the attorney-client privilege or any other applicable privileges, Defendant objects to each and every Request, and thus will not supply or render any such information or documents protected from discovery.  In preparing the answers and responses to these Requests, Defendant has assumed that the Requests are limited in time such that they do not seek attorney-client or**

2

attorney work product material generated after the commencement of litigation. Accordingly, Defendant will not identify such material on any privilege log generated in this matter.

2. Defendant objects generally to the Requests to the extent they seek materials not presently in the possession of Defendant. Defendant has not completed its investigation of the facts of this case, its discovery in this action, or its preparation for trial. Defendant's responses are based upon information known to Defendant as of the date of these answers and responses. The following responses are given without prejudice to Defendant's right to produce or rely upon any documents or information subsequently discovered. Defendant's investigation, discovery and trial preparation are continuing.

3. Defendant objects to each and every Request to the extent that it is unlimited as to time and thus calls for the production of irrelevant information or is overbroad and burdensome.

4. Defendant objects to each and every instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater or different than Federal Rules of Civil Procedure 26, 33 and 34 and any other applicable rule.

5.     By responding to the Requests, Defendant does not concede the relevancy or materiality of any Request, or of the subject to which such Request refers.

6.     Each of the following responses is expressly made subject to, and without in any way waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence of the information and material supplied, in any proceeding (including the trial of this action or in any subsequent proceeding).

## INTERROGATORIES

1.     Identify the person or persons responding to these interrogatories and all persons who participated in, assisted with or were consulted in connection with drafting, investigation, execution, review, or consideration of responses to these discovery requests.

**ANSWER:**

Defendant objects to Interrogatory No. 1 to the extent it seeks information protected by the attorney-client privilege and/or by the attorney work product doctrine.  Defendant further objects to this Interrogatory because it is overbroad, unduly burdensome, and vague.

Subject to and without waiving the stated objections, Defendant states that the responses to these Interrogatories come from a collection of

4

information provided by individuals and documentation and the specific content of any response may not be capable of being traced back to a single person.   In further response, the Answers provided in response to these Interrogatories will be verified in accordance with Fed. R. Civ. P. Civ. P. 33.

2.      State the full name, and title or position, dates of employment, address and telephone number of each person who participated in, or was consulted regarding, the decision to terminate Plaintiff.

**ANSWER:**

Defendant objects to Interrogatory No. 2 because it is vague. Specifically, the terms "participated in" and "consulted regarding" are insufficiently defined, and therefore, render the Request vague and ambiguous, leaving Defendant to speculate as to the information Plaintiff seeks.   In addition, Defendant objects to the extent that the request seeks personal information including addresses and telephone numbers, implicating the privacy interests of such individuals.   Defendant also objects to the extent that Interrogatory No. 2 seeks information protected by the attorney-client privileged or attorney work product doctrine.

Subject to and without waiving these objections, other than legal counsel, Defendant identifies the following individuals:

| Name | Current Title | Dates of Employment |
|------|---------------|---------------------|
| Garret Gaw | Director, Amazon Marketplace | October 2012 – Present |
| Derek Oehler | Senior Human Resources Manager, Global Corporate Affairs | September 2010 – Present |

3.     Specifically describe the job titles and duties and responsibilities Amazon expected Plaintiff to perform in each job or position Plaintiff occupied during his employment with Amazon stating the dates on which Plaintiff's duties and responsibilities changed and why such changes were made.

**ANSWER:**

**Defendant objects to Interrogatory No. 3 because it is overly broad, unduly burdensome and vague as to timeframe and scope.  Specifically, the phrases "duties and responsibilities Amazon expected Plaintiff to perform" and "job or position Plaintiff occupied" are insufficiently defined and therefore, render the Request vague and ambiguous, leaving Defendant to speculate as to the information Plaintiff seeks.  Specifically, throughout his employment with Defendant, Plaintiff only had one job title—Senior Manager, Software Development.  Defendant also objects to Interrogatory No. 3 because it requires a narrative, as opposed to categorical, absolute, or unqualified response, and is more properly suited to other forms of discovery.**

6

**Subject to and without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), Defendant will produce job descriptions applicable to Plaintiff during his employment, as well as records reflecting any of Plaintiff's changes of position within 30 days of service of these responses.**

4.      Identify the <u>total</u> monetary value of Plaintiff's annual compensation, including bonuses, and the monetary value of any and all fringe benefits, paid by Amazon to Plaintiff at the time of his termination from Amazon.

**<u>ANSWER:</u>**

**Defendant objects to Interrogatory No. 4 because it is overly broad and vague.  Defendant also objects because the information sought is presumably already in Plaintiff's possession.   In addition, Defendant objects because Interrogatory No. 4 is duplicative of prior requests and seeks information previously produced.**

**Subject to and without waiving its objections, Defendant refers Plaintiff to documents marked AMAZON_HAYDAR_00000329 - AMAZON_HAYDAR_00000332 (Offer letter) and AMAZON_HAYDAR_00000249 - AMAZON_HAYDAR_00000316 (Payroll records).  In further response, and subject to Fed. R. Civ. P. 33(d), Defendant states that it will produce documents reflecting the value of any benefits in which Plaintiff was enrolled at the time of his termination from employment**

within 30 days of the date of these Responses, to the extent such documents exist.

5.    Identify the total number of restricted stock units Plaintiff would be entitled to, but for his termination, as of today's date. Further state the current stock price, and the market current value of said restricted stock units.

**ANSWER:**

**Defendant objects to Interrogatory No. 5 because it is overbroad, vague, and requires Defendant to speculate as to the information Plaintiff seeks. Specifically, the phrase "would be entitled to, but for his termination," is insufficiently defined, and therefore, renders the request vague and ambiguous, requiring Defendant to speculate as to the information Plaintiff seeks.  In addition, Defendant objects to the extent the information requested by Plaintiff is in Plaintiff's possession or is otherwise equally available to Plaintiff.  More particularly, Amazon's stock is publicly traded, and as such, the current stock price is available to Plaintiff through public information sources.**

**In further response, and pursuant to Fed. R. Civ. P. 33(d), Defendant refers Plaintiff to his offer letter dated October 11, 2012, AMAZON_HAYDAR_00000329    -    AMAZON_HAYDAR_00000332,**

concerning the number of restrict stock units awarded to Plaintiff and the vesting schedule, subject to Plaintiff's continued employment.

6.     Describe with specificity, including dates each took place, any discussions, consultations and/or communications, either prior to or after Plaintiff's separation from employment, among Amazon's agents, servants, and/or employees acting on Amazon's behalf, or with Plaintiff, relative to the separation of Plaintiff, identifying each person who participated in the discussion, consultation, and/or communication by name, title or position, dates of employment, and last known address and telephone number.

**ANSWER:**

**Defendant objects to Interrogatory No. 6 because it is vague, overbroad and unduly burdensome.  Specifically, in order to Answer Interrogatory No. 6 as drafted, Defendant would be required to canvass all of its "agents, servants, and/or employees acting on Amazon's behalf," as to whether any such persons ever had discussions, consultations and/or communications "relative to the separation of Plaintiff."   Defendant also objects because the Interrogatory requires a narrative, as opposed to categorical, absolute, or unqualified response, and is more properly suited to other forms of discovery. Additionally, Defendant objects to the extent that the request seeks personal and personnel information concerning individuals who are not parties to this**

lawsuit.    **Defendant further objects because Interrogatory No. 6 seeks information concerning communications with legal counsel, which are protected from disclosure by the attorney-client privileged and/or the attorney work product doctrine.**

**Subject to and without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), Defendant refers Plaintiff to documents produced and to be produced concerning communications about Plaintiff's separation from employment pursuant to the ESI search currently being conducted by Defendant.**

7.    Identify by name, race, national origin, and religion all Amazon employees hired or promoted (formally or informally) by Defendant, Peter Faricy, from 2012 through the present, stating the job title and grade level they were hired or promoted into, and, if applicable, the job title and grade level they from which they were promoted. This includes any promotions or hiring decisions that Defendant Faricy participated in, or was consulted regarding, and informal promotions which enabled specific employees to take on a larger scope of responsibility.

**ANSWER:**

**Defendant objects to Interrogatory No. 7 because it is overbroad, vague, and unduly burdensome.  Specifically, the phrase "informal promotions" is**

insufficiently defined, requiring Defendant to speculate as to the information Plaintiff seeks. Defendant also objects because it does not track information concerning the national origin or religion of its employees. Defendant further objects because the request is overbroad inasmuch as Plaintiff has not asserted a claim of race discrimination. Additionally, Defendant objects because the Interrogatory is overbroad to the extent it seeks information concerning hiring or promotion of individuals outside of the L7 grade of the position Plaintiff held and concerning individuals who did not hold the title Senior Manager, Software Development, and therefore seeks information concerning individuals who were not similarly situated to Plaintiff in all material respects. Defendant also objects because the request seeks personal and personnel information concerning individuals who are not parties to this lawsuit. In addition, during the relevant timeframe, Mr. Faricy did not participate in or consult on every hiring or promotional decision within the Marketplace Organization.

Subject to and without waiving these objections, Defendant identifies the following individuals who were hired into Amazon's Marketplace organization with the title Senior Manager, Software Development, at grade L7, or who hold or held the title Senior Manager, Software Development and who were promoted to grade L7 or L8 from 2012 to the present:

| Employees Hired in Marketplace as Senior Manager, Software Development, L7, 2012 – present (internal and external hires) | | |
|---|---|---|
| **Name** | **Level** | **Year of Hire in Marketplace** |
| Cherukuri, Ram | L7 | 2012 |
| Gaw, Garret | L7 | 2012 |
| Nazeeruddin, Mohammed | L7 | 2012 |
| Haydar, Abdullah | L7 | 2012 |
| Kazeroonian, Ali | L7 | 2013 |
| Jain, Sunil | L7 | 2013 |
| Agrawal, Prashant | L7 | 2014 |
| Majithia, Mit | L7 | 2014 |
| Sagaram, Sarpa Sayana | L7 | 2014 |
| Sanchez Serrano, Ricardo | L7 | 2014 |
| Welzel, Douglas R | L7 | 2014 |
| Cohen, Mitchell Adam | L7 | 2015 |
| Ferron, Chris Edward | L7 | 2015 |
| Garibay, Rick | L7 | 2015 |
| Mathur, Anuj | L7 | 2015 |
| Ramamrutham, Narayanan | L7 | 2015 |
| Siddiqui, Faizi | L7 | 2015 |
| Carbonneau, Martin | L7 | 2016 |
| Fordham, George Roger | L7 | 2016 |
| Kaliappan, Venkatesh | L7 | 2016 |
| Kujat, Aaron | L7 | 2016 |
| Rafi, Mohammed Faisal | L7 | 2016 |
| Talati, Mayank Harshad | L7 | 2016 |
| Santhanakrishnan, Kartik S | L7 | 2016 |
| Apostol, Michael Joseph | L7 | 2017 |
| Becicka, Mark Lewis | L7 | 2017 |
| Chaudhary, Jatin Ramsinh | L7 | 2017 |
| Sparks, Travis D. | L7 | 2017 |
| Sreedharan, Sigma | L7 | 2017 |

| Marketplace Employees Promoted to Senior Manager, Software Development, L7, or Director, Software Development, L8, 2012 – present | | |
|---|---|---|
| Name | Promoted to Level | Year of Promotion |
| Padmanabhan, Priya | L7 | 2012 |
| Kujat, Aaron | L7 | 2013 |
| Krishnamurthy, Prakash | L7 | 2013 |
| Veeraraghavan, Venkatesh | L7 | 2014 |
| Poznanski, Damian | L7 | 2014 |
| Gella, Ganesh Kumar | L7 | 2015 |
| Korrapati, Sameer | L7 | 2016 |
| Fattahi, Anas | L7 | 2016 |
| Marx, John | L7 | 2016 |
| Harkness, Roy N | L7 | 2017 |
| Goli, Rajashekhar | L7 | 2017 |
| Sundararajan, Mathi Ezhil | L7 | 2017 |
| Misra, Abhishek | L7 | 2017 |
| Terry, Keith | L7 | 2017 |
| Shah, Maulik | L7 | 2017 |
| Misra, Abhishek | L7 | 2017 |
| Joudrey, Jim R | L8 | 2012 |
| Mackraz, James | L8 | 2013 |
| Mosby, Joel | L8 | 2014 |
| Garg, Nitin | L8 | 2014 |
| Padmanabhan, Priya | L8 | 2015 |
| Gaw, Garret | L8 | 2016 |
| Welzel, Douglas R | L8 | 2016 |
| Krishnamurthy, Prakash | L8 | 2017 |
| Nazeeruddin, Mohammed | L8 | 2017 |

**The forgoing is based on Defendant's investigation to date and best information available and Defendant expressly reserves the right to supplement this response based on its continuing review and investigation.**

8.   Identify by name, race, national origin, and religion of all employees, grade L7 or higher, who have reported directly or indirectly to Defendant Peter

13

Faricy at any time from 2012 through the present, and indicate the dates they reported to Defendant Faricy, and their job title and grade level.

**ANSWER:**

Defendant objects to Interrogatory No. 8 because it is overbroad, vague, and unduly burdensome. Specifically, the phrase "indirectly" is insufficiently defined, and, therefore, renders the Interrogatory vague and ambiguous, leaving Defendant to speculate as to the information Plaintiff seeks. Defendant also objects because it does not track information concerning the national origin or religion of its employees. Defendant further objects because the request is overbroad inasmuch as Plaintiff has not asserted a claim of race discrimination. Defendant also objects because the request seeks personal and personnel information concerning individuals who are not parties to this lawsuit.

Subject to and without waiving these objections, Defendant refers Plaintiff to its Answer and objections to Interrogatory No. 7 which sets forth the identities of individuals who were hired into Amazon's Marketplace organization with the title Senior Manager, Software Development, at grade L7, or who hold or held the title Senior Manager, Software Development and who were promoted to grade L7 or L8 from 2012 to the present.

14

9.     State the overall rating, leadership principles rating, and performance rating for Garrett Gaw, Joel Mosby, Stefan Haney, Ramiah Kandasamy and Peter Faricy for 2012 through the present.

**ANSWER:**

**Defendant objects to Interrogatory No. 9 because it seeks personal information that is not relevant to any matter at issue in this lawsuit, and as such, is interposed for the purpose of harassing Defendant and its employees. Defendant also objects because Interrogatory No. 9 seeks information that is personal and confidential, and as such, designates its response as confidential pursuant to the Protective Order entered in this matter.**

**Subject to and without waiving these objections, Defendant states:**

| Name | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|---|---|
| **Garret Gaw** | | | | | | |
| **Performance:** | N/A | N/A | **Exceeds** | **Exceeds** | **Exceeds** | **Highly Valued\*** |
| **Leadership Principles:** | N/A | N/A | **Solid Strength** | **Role Model** | **Role Model** | |
| **Overall:** | N/A | N/A | **Top Tier** | **Top Tier** | **Top Tier** | |
| **Joel Mosby** | | | | | | |
| **Performance:** | **Achieves** | **Outstanding** | **Outstanding** | **Achieves** | **Exceeds** | **Highly Valued\*** |
| **Leadership Principles:** | **Solid Strength** | **Solid Strength** | **Solid Strength** | **Solid Strength** | **Solid Strength** | |
| **Overall:** | **Highly Valued** | **Top Tier** | **Top Tier** | **Highly Valued** | **Highly Valued** | |
| **Stefan Haney** | | | | | | |
| **Performance:** | **Achieves** | **Exceeds** | **Exceeds** | **Exceeds** | **Exceeds** | **Highly Valued\*** |

| Leadership Principles: | Solid Strength | Solid Strength | Solid Strength | Solid Strength | Solid Strength | |
| Overall: | Highly Valued | Highly Valued | Highly Valued | Highly Valued | Highly Valued | |
| Ramiah Kandasamy | | | | | | |
| Performance: | Exceeds | Exceeds | Achieves | Achieves | Achieves | No Rating* |
| Leadership Principles: | Solid Strength | Solid Strength | Solid Strength | Solid Strength | Solid Strength | |
| Overall: | Highly Valued | Highly Valued | Highly Valued | Highly Valued | Highly Valued | |
| Peter Faricy | | | | | | |
| Performance: | Exceeds | Exceeds | Exceeds | Exceeds | Exceeds | Highly* Valued |
| Leadership Principles: | Solid Strength | Solid Strength | Solid Strength | Solid Strength | Solid Strength | |
| Overall: | Top Tier | Top Tier | Top Tier | Top Tier | Highly Valued | |

**\* In 2017 only overall ratings were offered.**

10.     State the full name, and title or position, dates of employment, address and telephone number of each person who participated in, or was consulted regarding, the decisions to informally promote Joel Mosby to take ownership of additional teams in approximately December 2013 and formally promote Joel Mosby in September 2014 and to informally promote Garret Gaw to take ownership of additional teams in October 2014. This includes all members of any relevant promotion committee for formal promotions.

**ANSWER:**

Defendant objects to Interrogatory No. 10 because it is vague, overbroad and seeks information that is not relevant to any claim or defense at issue in this case.  Specifically, the phrase "informally promote" is insufficiently defined, and therefore, renders the Interrogatory vague and ambiguous, leaving Defendant to speculate as to the information Plaintiff seeks.  Defendant does not "informally promote" employees.

Subject to and without waiving these objections, Defendant refers Plaintiff to the Insider's Guide to Senior Tech Promotions (Tech Principal/Sr. Principal and Tech Director) to be produced.  In addition, with respect to individuals who wrote or provided feedback on the promotion documents submitted with respect to Mr. Mosby and Mr. Gaw, Defendant refers Plaintiff to the promotion documents produced.  Mr. Gaw's promotion document was reviewed by a Consumer Technical Advisory Panel – Tech Directors; Jodi Krause and Jusztina Traum were listed as facilitators and Jason Murray, Llew Mason and Sukumar Rathnami were listed as panelists.  Mr. Gaw's promotion document was also reviewed by an Amazon Tech Panel whose members are identified as Paul Kotas, Charlie Bell, Llew Mason, Lindo St. Angel and Tom Taylor.  Mr. Mosby's promotion document was reviewed by

an Amazon Tech Panel whose members are identified as Paul Kotas, Amit Agarwal, Charlie Bell, Llew Mason, Jon McCormack and Tom Taylor.

11.    State all of the specific reasons for Plaintiff's separation from his employment with Amazon.

**ANSWER:**

Defendant objects because Interrogatory No. 11 requires a narrative, as opposed to categorical, absolute, or unqualified response, and is more properly suited to other forms of discovery.

Subject to and without waiving its objections, Defendant states:

The reasons for Plaintiff's separation from employment are reflected in the performance issues/leadership deficits identified in his 180-day performance review, (which evaluated Mr. Haydar's performance from 11/2012 through 5/2013); his revised Performance Evaluation in June 2013; his annual Performance Review for 2013-2014 (04/01/2013 – 03/31/2014), his annual Performance Review for 2014-2015 (April 1, 2014 – March 31, 2015); his Performance Improvement Plan given on May 21, 2015, and his inability, while on the PIP, to correct the behaviors that were identified as problematic in the PIP and in Plaintiff's earlier evaluations.

Specifically, Amazon Senior Managers are evaluated not only on their results against their objectives, but also their implementation of Amazon's

Leadership Principles.  In total, at the time of Plaintiff's termination there were 14 Leadership Principles.  While Mr. Haydar struggled with various Leadership Principles throughout his employment, he consistently failed to demonstrate an ability to conform his conduct to the following three Leadership Principles:

### Vocally Self Critical

Leaders do not believe their or their team's body odor smells of perfume.  Leaders come forward with problems or information, even when doing so is awkward or embarrassing.  Leaders benchmark themselves and their teams against the best.

### Earns Trust of Others

Leaders are sincerely open-minded, genuinely listen, and are willing to examine their strongest convictions with humility.

### Have Backbone; Disagree and Commit

Leaders are obligated to respectfully challenge decisions when they disagree, even when doing so is uncomfortable or exhausting.  Leaders have conviction and are tenacious.  They do not compromise for the sake of social cohesion.  Once a decision is determined, they commit wholly.

Mr. Haydar's failure to act in accordance with Amazon's Leadership Principles, including an ongoing lack of situational awareness, was noted in all of his evaluations and in the PIP.  Examples included, but were not limited to: inappropriately dominating the dialogue during business meetings; inappropriate or exaggerated claims of experience or expertise; inability to disengage from conflict with peers; a need to always have the last word; and

ever escalating conflict with those to whom he reported and those managers to whom he was supposed to be providing technical support.  On account of these and other behaviors, Mr. Haydar eroded the trust of many peers, business partners and senior leadership.  Indeed, by the end of his tenure, several key business partners no longer trusted Mr. Haydar and did not want to deal with him.

Mr. Haydar received feedback on multiple occasions from multiple people regarding his deficiencies in the Leadership Principles which led to a Development Needed rating in each of the years for which Mr. Haydar was reviewed.  After receiving constructive criticism or coaching, rather than internalizing the criticism and adjusting his behavior, Mr. Haydar consistently pushed-back and/or escalated his disagreement.

Moreover, in response to this additional coaching, Mr. Haydar continued his pattern of refusing to accept any criticism, attempting to argue every point, and having to have the last word.  By September 22, 2015, it was obvious that Mr. Haydar was not capable of implementing the Amazon Leadership principles at the level expected of an L7 Senior Manager, and Mr. Haydar's employment was terminated.

12.   State whether Amazon and/or any of Amazon's employees, agents, and/or servants conducted any investigation of any type regarding Plaintiff and

identify, by name, job title and/or position with Amazon, last known address and telephone number, all dates of employment with Amazon, supervisor, each person who conducted, or assisted in conducting any such investigation and describe the nature of the investigation and any actions taken as a result of the investigation.

**ANSWER:**

**Defendant objects to Interrogatory No. 12 because it is vague and overbroad. Specifically, the phrase "investigation" is insufficiently defined, and therefore, renders the Interrogatory vague and ambiguous, unfairly leaving Defendant to speculate as to the information Plaintiff seeks. Defendant also objects to the extent Interrogatory No. 12 seeks information protected from disclosure by the attorney-client privilege or the attorney work product doctrine. Defendant also objects because Interrogatory No. 12 seeks personal and personnel information, such as last known address and phone number of various employees.**

**Subject to and without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), Defendant refers Plaintiff to investigation reports prepared by Anne DeCleene, previously produced.**

13. State the date(s) on which Amazon contends that Plaintiff violated or failed to fulfill a rule, requirement, policy of Amazon and further provide:

      a. A complete description of each violation(s) and the rule, requirement, policy, or contractual provision violated;

b. The name, address and job title of each and every witness who will testify that Plaintiff violated said rule, requirement, policy, or contractual provision;

c. The date that Amazon first became aware that Plaintiff violated or did not fulfill said rule, requirement, policy, or contractual provision; and

d. State the date and substance of any oral communication to Plaintiff regarding Plaintiff's violation of rule, requirement, policy, or contractual provision and the identity of the person making the oral communication.

**ANSWER:**

**Defendant objects to Interrogatory No. 13 because it is premature inasmuch as Defendant's investigation is ongoing.  In addition, Defendant objects because the phrase "violated or failed to fulfill a rule, requirement, [or] policy of Amazon" is insufficiently defined, and therefore, renders the Interrogatory vague and ambiguous, unfairly leaving Defendant to speculate as to the information Plaintiff seeks.  Defendant also objects because the request seeks information that is not relevant to any claim or defense at issue in this case as Plaintiff's termination of employment resulted from performance deficiencies and not misconduct.**

**Subject to and without waiving these objections, Defendant states that at some point prior to his September 22, 2015, termination date, Plaintiff misappropriated information that included at least 25,000 emails and/or documents.  Plaintiff's use or disclosure of such information is in violation of**

22

his Confidentiality, Noncompetition and Invention Assignment Agreement. Amazon first became aware of Plaintiff's misappropriation when Amazon's counsel received a .pst file containing Plaintiff's emails on or about March 31, 2017. Amazon has not yet determined who it may call to testify, other than Plaintiff, with respect to Plaintiff's violation of his Confidentiality, Noncompetition and Invention Assignment Agreement. Additionally, Amazon has not had any oral communications with Plaintiff with respect to his violation of his Confidentiality, Noncompetition and Invention Assignment Agreement because Amazon did not become aware of such violation until after Plaintiff's employment was terminated and after Plaintiff initiated this lawsuit.

In further response, and pursuant to Fed. R. Civ. P. 33(d), to the extent that this Interrogatory seeks information concerning Plaintiff's failure to adhere to Amazon's Leadership Principles, Defendant refers Plaintiff to documents previously produced and to be produced pursuant to the ESI search currently being conducted and to Amazon's response to Interrogatory No. 11. In addition, Defendant refers Plaintiff to investigation reports, previously produced, Plaintiff's performance evaluations, previously produced, and Plaintiff's performance improvement plan and documents related thereto, previously produced.

14.    Describe each internal or external claim, complaint, or other action made or brought against Amazon, and/or any of Amazon employees, agents, and/or servants, from 2010 to the present which alleged unequal treatment, discrimination, harassment, or a hostile environment and/or retaliation on the basis of religion, race, national origin, and/or marital status, stating the name, title or position, dates of employment, and last known address and telephone number of each person who made a claim, the date of each claim, and how each claim was resolved.

**ANSWER:**

**Defendant objects to Interrogatory No. 14 because it is vague and overbroad and seeks information that is not relevant to any claim or defense in this case.   Defendant also objects because the Interrogatory seeks information concerning individuals who were not similarly situated to Plaintiff in all material respects, including reporting to the same supervisor. In addition, Defendant objects because the Interrogatory seeks a narrative, as opposed to categorical, absolute, or unqualified response, and is more properly suited to other forms of discovery.   Defendant also objects because the Interrogatory seeks information of a confidential personal and personnel nature.**

**Subject to and without waiving these objections, Defendant will respond as to any claims or complaints, internal or external, wherein the complainant**

alleged that he or she was discriminated against on account of his or her national origin, religion, or marital status, or was retaliated against, and where the decision-maker at issue was Garret Gaw.  As limited,  Defendant states, none.

15.    Identify who has performed Plaintiff's job and/or any of Plaintiff's job duties from the date Plaintiff was terminated, to the present, identifying each person by name, sex, race, job title and/or position, dates of employment, last known address and telephone number.   For each employee separated from employment, state the reason for separation.

**ANSWER:**

**Defendant objects because Interrogatory No. 15 seeks information that is not relevant to any claim or defense at issue.  Specifically, Plaintiff has not alleged a claim of sex or race discrimination.  Defendant also objects to the extent that Interrogatory No. 15 seeks information of a confidential personal and personnel nature, such as the last known address and telephone number of its employees.**

**Subject to and without waiving these objections, Defendant states, Anas Fatahi, Senior Manager, Software Development, on or about January 6, 2014, to present.**

16.    State the factual basis for each affirmative defense asserted by Amazon.

**ANSWER:**

Defendant objects to Interrogatory No. 16 on the grounds that it is vague, ambiguous, vastly overbroad, and unduly burdensome.  Defendant further objects to this interrogatory on the grounds that a plaintiff is not permitted to use a single "shotgun" interrogatory to obtain detailed information regarding each affirmative or special defense pled by Defendant. Defendant further objects to this interrogatory in that the defenses to Plaintiff's Complaint were drafted by counsel for Defendant after privileged attorney-client conversations with employees of Defendant.  As such, Defendant objects to this interrogatory to the extent that it seeks the disclosure of information/communications that are protected by the attorney-client privilege and/or the work product doctrine.  Moreover, Defendant's defenses were pled to avoid any claim of waiver and/or surprise by Plaintiff's counsel, and discovery in support of those defenses is underway.

Without waiving these objections, and in the spirit of cooperative discovery, Defendant states that pursuant to Rule 33(d), since the answer to this interrogatory may be derived or ascertained from the documents produced with these responses, and since the burden of deriving or

ascertaining the answer is substantially the same for Plaintiff as Defendant, Defendant refers Plaintiff to the documents produced in this matter. By way of further response, with respect to each affirmative defense raised by Defendant, Defendant states as follows:

**First Defense.** This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel. This is a purely legal defense that will be argued by defense counsel and will be supported by case law.

**Second Defense.** This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel. Additionally, Defendant anticipates that discovery will reveal that with reasonable efforts Plaintiff could have, and in fact, has, mitigated his alleged damages (to the extent he has suffered any, which Defendant denies) by, for example, obtaining comparable employment, among other things. Further, Defendant is entitled to an offset to the extent of any mitigation.

**Third Defense.** This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel. Defendant anticipates that discovery will reveal that Plaintiff's failure to perform in accordance with Defendant's expectations resulted in his termination from employment.

**Fourth Defense.** This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel. Defendant anticipates that discovery

will reveal that any alleged harm suffered by Plaintiff resulted from causes other than any act or omission of Defendant.

**Fifth Defense.**  This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel.  Additionally, Defendant has promulgated policies against discrimination that were in place when Plaintiff was employed by Defendant, and Defendant is not liable to Plaintiff to the extent that he failed to take advantage of those policies.

**Sixth Defense.**  This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel.  Defendant anticipates that discovery will reveal that Plaintiff failed to take advantage of any preventative or corrective opportunities provided to him or to otherwise avoid harm.

**Seventh Defense.**  This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel.  Defendant anticipates that discovery will reveal that to the extent Plaintiff complained of any unlawful discrimination, Defendant took prompt and appropriate remedial action.

**Eighth Defense.**  This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel.  Additionally, the decision to terminate Plaintiff's employment was made for legitimate, non-discriminatory business reasons, and there is no evidence of pretext.

**Ninth Defense.**  This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel.  Defendant anticipates that discovery will reveal that Plaintiff did not engage in any protected activity cognizable under the law.

**Tenth Defense.**  This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel.  Defendant anticipates that discovery will reveal that there is no causal connection between any supposed protected activity engaged in by Plaintiff and the decision to terminate Plaintiff's employment.

**Eleventh Defense.**  This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel.  Defendants anticipate that discovery will reveal the absence of any discriminatory or retaliatory motive, and that even if such motive existed, Plaintiff would have received the same treatment.

**Twelfth Defense.**  This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel.  Defendant anticipates that discovery will reveal that Plaintiff cannot establish facts sufficient to support the imposition of punitive damages, and that even if he could, such damages may not exceed the limits imposed by statute or the United States Constitution.

**Thirteenth Defense.**  This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel.  Plaintiff cannot recover damages that speculative, uncertain, or are not recoverable under the law.

**Fourteenth Defense.**  This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel.  Additionally, Defendant acted in good faith toward Plaintiff with respect to employment decisions affecting him, without any discriminatory or retaliatory intent.

**Fifteenth Defense.**  This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel.  If Plaintiff is found to have engaged in terminable misconduct in his acquisition of and/or during his employment (such as by misappropriating Defendant's confidential and proprietary information), the after-acquired evidence doctrine bars Plaintiff from recovering any front pay damages or obtaining reinstatement to his employment, and any back pay damages are limited to the period between Defendant's alleged unlawful conduct and Defendant's discovery of Plaintiff's misconduct.

**Sixteenth Defense.**  This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel.  To the extent Plaintiff seeks to recover under Title VII for alleged injuries suffered prior to 300 days before

he filed his Charge of discrimination, such claims are barred by the applicable statute of limitations.

**Seventeenth Defense.**  This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel.  To the extent that discovery reveals that the equitable doctrines of unclean hands, laches, waiver, and/or estoppel are applicable, Plaintiff's claims may be barred.

**Eighteenth Defense.**  This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel.  Additionally, this is a purely legal defense that will be argued by defense counsel and will be supported by case law, after the facts and evidence are developed throughout discovery.

**Nineteenth Defense.**  This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel.  Additionally, Defendant's conduct with respect to Plaintiff, to the extent it is found to be unlawful (which Defendant denies), was not willful.

**Twentieth Defense.**  This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel.  Additionally, to the extent Plaintiff makes any claims that extend beyond the scope of his EEOC Charge, those claims are barred.

**Twenty-First Defense.**  This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel.  To the extent discovery reveals that

Plaintiff executed a release discharging Defendant from liability with respect to any claim asserted, such claim is barred.

**Twenty-Second Defense.**  This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel.  Additionally, if any improper, illegal, or discriminatory acts were taken by any employee of Defendant against Plaintiff, they were outside the course and scope of that employee's employment, contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant.  Thus, any such actions cannot be attributed or imputed to Defendant.

**Twenty-Third Defense.**  This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel.  To the extent Plaintiff claims to have suffered a work-related injury, his claim is barred by the exclusive remedy provision of the Michigan Workers' Disability Compensation Act.

**Twenty-Fourth Defense.**  This defense was asserted to avoid any claim of surprise or waiver by Plaintiff's counsel.  To the extent Plaintiff has failed to join all claims against Defendant, such claims are barred.

17.    Produce a complete copy of any personal files, notes, or writings of any kind, including electronic documents, regarding Plaintiff created or maintained by Amazon and/or any of Amazon's employees, agents, servants, and/or representatives.

**ANSWER:**

Defendant objects to Interrogatory No. 17 because it is in the form of a request for production, rather than an interrogatory. Defendant also objects because the request is overbroad and unduly burdensome and seeks information that is not relevant to any claims or defenses at issue. Specifically, as drafted, Interrogatory No. 17, purports to require Defendant to canvass all of its employees to ascertain whether any such employees have "personal files, notes, or writings of any kind, including electronic documents, regarding Plaintiff." Defendant further object to this Request to the extent that it seeks ESI because the Request is not reasonably targeted, clear and as specific as practicable. Defendant also objects to the extent the request purports to seek documents protected from disclosure by the attorney/client privilege or the attorney work product doctrine.

Subject to and without waiving these objections, Defendant states that it will produce non-privileged and non-ESI personal notes maintained by Garret Gaw, Joel Mosby, Peter Faricy, Derek Oehler, Shelly Cerio, and Anne DeCleene, to the extent such documents exist, within 30 days of the date of these Responses. With respect to ESI, Defendant refers Plaintiff to the parameters of the search and review currently being conducted.

## DOCUMENT REQUESTS

1.     Produce a complete copy of any insurance or other benefit plan which covered Plaintiff while employed by Amazon.

**RESPONSE:**

**Defendant objects to Request No. 1 because the phrase "any insurance or other benefit plan which covered Plaintiff" is overbroad and vague, requiring Defendant to speculate as to the documents Plaintiff seeks.**

**Subject to and without waiving these objections, Defendant will produce to Plaintiff copies of any benefit enrollment forms completed by Plaintiff within 30 days of the date of these Responses, to the extent such documents exist.**

2.     Produce a complete copy of any retirement or pension plans in effect for employees in Plaintiff's position with Amazon along with any relevant Summary Plan Description (SDP).

**RESPONSE:**

**Defendant objects to Request No. 2 because the phrase "any retirement or pension plans in effect for employees in Plaintiff's position is overbroad and vague, requiring Defendant to speculate as to the documents Plaintiff seeks.**

**Subject to and without waiving these objections, Defendant will produce a plan description for any retirement or pension plan in which Plaintiff participated in or was enrolled at the time of his termination of employment.**

3.     Produce a complete copy of any employee handbooks, personnel policies, or policy manuals applicable to Plaintiff at any time during his employment with Amazon.

**RESPONSE:**

**Defendant objects to Request No. 3 because it is duplicative of prior requests and seeks documents previously produced to Plaintiff in this matter. Defendant also objects because the phrase "any employee handbooks, personnel policies, or policy manuals applicable to Plaintiff at any time during his employment" is insufficiently defined, rendering Request No. 3 overbroad and vague and leaving Defendant to speculate as to the documents Plaintiff seeks.  Defendant further objects because Request No. 3 seeks documents which are not relevant to any claim or defense in this matter.**

**Subject to and without waiving these objections, Defendant refers Plaintiff to documents previously produced.**

4.     Produce a complete copy of any writing or form signed by Plaintiff indicating receipt of a policy or manual.

**RESPONSE:**

Defendant objects to Request No. 4 because it is duplicative of prior discovery requests and seeks the production of documents which have already been produced.

Subject to and without waiving these objections, Defendant refers Plaintiff to documents previously produced.

5.     Produce all documents <u>in any way</u> related to Plaintiff's compensation, including any relevant compensation plans, compensation manuals, stock grant plans, stock option plans, vesting schedules, etc.

**RESPONSE:**

Defendant objects to Request No. 5 because it is duplicative of prior discovery requests and seeks documents which were previously produced. Defendant also objects because the phrase "all documents in any way related to Plaintiff's compensation," is insufficiently defined, rendering the request overbroad and vague and requiring Defendant to speculate as to the information Plaintiff seeks.

Subject to and without waiving these objections, Defendant refers Plaintiff to payroll records and Plaintiff's offer letter, previously produced. In further response, to the extent Defendant maintains a plan, policy, or

**manual concerning the administration of restricted stock units, Defendant will produce same to Plaintiff within 30 days of the date of these Responses.**

6.     To the extent not produced in response to Document Request No. 5, produce all documents related to merit based compensation, or that in any way reflects Amazon's policies and practices regarding compensation increases tied to performance ratings and reviews. This request <u>specifically</u> includes any Human Resources guide which computes the summary rating based on the combination of performance rating, leadership principles rating, and growth potential rating, including the compensation guidelines for each summary rating and promotion.

<u>**RESPONSE:**</u>

**Defendant objects to Request No. 6 because it is duplicative of prior discovery requests.  Defendant also objects to the extent the request seeks information that is proprietary and confidential.  Defendant also objects because the phrase "all documents related to merit based compensation, or that in any way reflects Amazon's policies and practices regarding compensation increases tied to performance ratings and reviews" is insufficiently defined, rendering Request No. 6 overbroad and vague, and leaving Defendant to speculate as to the documents Plaintiff seeks.  In addition, Defendant also objects because the Request is not reasonably limited to the timeframe during which Plaintiff was employed by Amazon.**

**Subject to and without waiving these objections, Defendant refers Plaintiff to documents previously produced. In addition Defendant will produce documents providing salary and equity planning guidance concerning merit based compensation related the performance ratings achieved by its employees for the years 2012-2015 within 30 days of the date of these Responses to the extent such documents exist.**

7.     Produce any audio tapes, video recordings or other recordings, documents or communications relating to non-privileged conversations between Amazon, its employees, representatives or agents related to Plaintiff and/or this lawsuit.

**RESPONSE:**

**Defendant objects because Request No. 7 is overbroad and unduly burdensome. Defendant also objects to Request No. 7 because it seeks documents unrelated to any claim or defense in this action. In addition, Defendant objects because the phrase "any audio tapes, video recordings or other recordings, documents or communications relating to non-privileged conversations between Amazon, its employees, representatives or agents related to Plaintiff and/or this lawsuit" is insufficiently defined, rendering the request overbroad and vague and leaving Defendant to speculate as to the documents Plaintiff seeks. Defendant further object to this Request to the**

38

extent that it seeks ESI because the Request is not reasonably targeted, clear and as specific as practicable.

Subject to and without waiving these objections, Defendant refers Plaintiff to documents produced in connection with the ESI search currently being conducted.  In further response, with regard to audio recordings, other than recordings produced by Plaintiff in discovery, Defendant states, none, and with regard to video recordings, Defendant states, none.

8.     Produce all audio recordings of Plaintiff in Amazon's possession.

**RESPONSE:**

Other than recordings produced by Plaintiff in discovery, Defendant states, none.

9.     Produce all visual recordings of Plaintiff in Amazon's possession.

**RESPONSE:**

None.

10.    Produce all document[s], including emails, in any way relating to any promotion or position change of Defendant Gaw's (formal or informal) in approximately October 2014.

**RESPONSE:**

Defendant objects because Request No. 10 is overbroad and unduly burdensome.  Defendant also objects to Request No. 10 because it seeks

documents unrelated to any claim or defense in this action.   In addition, Defendant objects because the phrase "all documents, including emails, in any way relating to any promotion or position change of Defendant Gaw[sic[ (formal or informal) in approximately October 2014" is insufficiently defined, rendering the request overbroad and vague and leaving Defendant to speculate as to the documents Plaintiff seeks.   Defendant also objects because the Request seeks information of a confidential personal and personnel nature.   Defendant further object to this Request to the extent that it seeks ESI because the Request is not reasonably targeted, clear and as specific as practicable.

Subject to and without waiving these objections, Defendant states that the ESI search currently being conducted includes the terms "re-org" and "re-organization" and that in connection Request No. 10, Defendant will produce relevant, responsive and non-privileged ESI returned by that search. In addition, Defendant will review its Human Resources Information System information, and produce documentation maintained within that system referencing such change within 30 days of the date of these Responses, to the extent such documentation exists.

11.    Produce all document, including emails, in any way relating to any promotion or position change of Defendant Mosby's (formal or informal) in approximately December 2013 and formal promotion in September 2014.

**RESPONSE:**

**Defendant objects because Request No. 11 is overbroad and unduly burdensome.  Defendant objects to Request No. 11 because it seeks documents unrelated to any claim or defense in this action.   Defendant also objects because the phrase "all documents, including emails, in any way relating to any promotion or position change of Defendant Mosby[sic] (formal or informal) in approximately December 2013 and formal promotion in September 2014" is insufficiently defined, rendering the request overbroad and vague and leaving Defendant to speculate as to the documents Plaintiff seeks.  Defendant also objects because the Request seeks information of a confidential personal and personnel nature.  Defendant further object to this Request to the extent that it seeks ESI because the Request is not reasonably targeted, clear and as specific as practicable.**

**Subject to and without waiving these objections, Defendant states that the ESI search currently being conducted includes the terms "re-org" and "re-organization" and that in connection Request No. 11, Defendant will produce relevant, responsive and non-privileged ESI returned by that search.**

41

**In addition, Defendant will review its Human Resources Information System information, and produce documentation maintained within that system referencing such change within 30 days of the date of these Responses, to the extent such documentation exists. Defendant will also produce the document prepared for purposes of seeking Mr. Mosby's formal promotion within 30 days of the date of these responses.**

12.     Produce all team project, operations reports, and performance reviews for Defendants Mosby and Gaw from 2012 through the present.

<u>**RESPONSE:**</u>

**Defendant objects to Request No. 12 because it is overbroad and unduly burdensome and seeks information that is not relevant to any claim or defense at issue in this matter. In addition, Defendant objects to Request No. 12 because the phrase "all team project, operations reports, and performance reviews" is insufficiently defined, rendering the request overbroad and vague, and leaving Defendant to speculate as to the information Plaintiff seeks. Moreover, both Gaw and Mosby managed different teams than those managed by Plaintiff, and consequently, documents concerning the performance of teams managed by Gaw and Mosby are not relevant to any claim or defense at issue in this matter. In further response, with respect to performance reviews, Defendant refers Plaintiff to its responses and**

objections to Request Nos. 1 and 3 contained in Defendant's Responses and

Objections to Plaintiff's First Request for Production of Documents to

Defendant.

Subject to and without waiving these objections, Defendant will produce

the annual performance evaluations for Defendants Gaw and Mosby from

2012 to the present within 30 days of the date of these responses.

13.    Produce any documents reflecting or describing reporting and duties,

such as organizational charts, etc., related to the office of Amazon CEO Jeff Bezos.

**RESPONSE:**

Defendant objects to Request No. 13 because it is vague, overbroad,

unduly burdensome, and seeks information that is not relevant to any claim or

defense in this matter.  Specifically, the phrase "any documents reflecting or

describing reporting and duties, such as organizational charts, etc., related to

the office of Amazon CEO Jeff Bezos" is insufficiently defined, rendering the

Request vague and overbroad, and leaving Defendant to speculate as to the

documents requested.

14.    Produce all documents relating to Amazon's change in performance

evaluations policies in November 2016, and change in performance improvement

plans in January 2017, including the evaluation process which led to the policy

changes, options evaluated for the policy changes, and the reasoning behind the selection of the newly implemented policies from available options.

**RESPONSE:**

**Defendant objects to Request No. 14 because it is overbroad, unduly burdensome, vague, and seeks information that is not relevant to any claim or defense at issue in this case. Specifically, the phrase "all documents relating to Amazon's change in performance evaluations policies in November 2016, and change in performance improvement plans in January 2017 . . ." is insufficiently defined, rendering the request overbroad and vague, and leaving Defendant to speculate as to the documents Plaintiff seeks. Defendant also objects to the extent that Request No. 14 seeks documents protected from disclosure by the attorney/client privilege and/or the attorney work product doctrine. Moreover, Defendant objects because the request is a harassing fishing expedition inasmuch as Plaintiff is seeking documents concerning policy changes that occurred long after Plaintiff's termination of employment.**

**Subject to and without waiving these objections, Defendant will produce policies concerning its performance evaluation process and performance improvement plan process currently in force within 30 days of the date of these responses.**

15.    Produce all documents related to Amazon's promotional practices for employees Grade L7 and higher.

**RESPONSE:**

**Defendant objects because Request No. 15 is overbroad, unduly burdensome and vague.  More particularly, the phrase "all documents related to Amazon's promotional practices for employees Grade L7 and higher" is insufficiently defined, rendering the Request vague and overbroad and leaving Defendant to speculate as to the documents requested.  In addition, Plaintiff has not asserted a claim of failure to promote, and as such the requested information is unrelated to any claim or defense at issue in this matter.**

**Subject to and without waiving these objections, Defendant will produce documents sufficient to describe the promotional process of L7 Senior Managers, Software Development, in the Marketplace organization.**

16.    Produce a complete copy of every exhibit which Amazon anticipates it may use, or intends to use, at trial, deposition, case evaluation or a motion.

**RESPONSE:**

**Defendant objects to Request No. 16 because it is premature.  Discovery is continuing and Defendant has not yet identified exhibits it may use at trial, deposition case evaluation, or in support of a motion.**

**Subject to and without waiving these objections, Defendant refers Plaintiff to documents produced and to be produced by any party to this action and documents produced pursuant to any subpoena issued in this matter.**

17.    Produce a complete copy of the resume and/or curriculum vitae of each person whom Amazon expects to call as an expert witness at trial. Produce all applicable insurance policies that cover or may cover Plaintiff's claims in this lawsuit.

**RESPONSE:**

**Defendant objects because Request No. 17 is premature inasmuch as Defendant has not identified any expert witness that it may call at the time of trial in this matter.  In addition Defendant states that it intends to comply with the Federal Rules of Civil Procedure as well as any Order issued by the Court with respect to the identification of expert witnesses.**

18.    If Amazon has caused the issuance of any subpoena, subpoena *duces tecum*, or Freedom of Information Act Request in this case to any person, firm,

corporation or entity without accompanying it a Notice of Deposition, or without providing a copy to Plaintiff produce a complete copy of each subpoena and every document received in response to such subpoena.

**RESPONSE:**

**Defendant will produce documents received in response to any FOIA requests or subpoenas issued to third parties within 30 days of the date of these responses.**

19.    Produce every document on which Amazon may rely to support its defense in this action.

**RESPONSE:**

**Defendant objects to Request No. 19 because it is premature.  Discovery is continuing and Defendant has not yet identified all documents it may rely upon in support of its defense in this action.**

**Subject to and without waiving these objections, Defendant refers Plaintiff to documents produced and to be produced by any party to this action and documents produced pursuant to any subpoena issued in this matter.**

**As to Objections:**                          Respectfully submitted,

/s/  Michael A. Chichester, Jr.
Littler Mendelson, P.C.
200 Renaissance Center
Suite 3110
Detroit, MI  48243
Telephone:  313.202.3254-direct
Fax:   313.446.6405
mchichester@littler.com
(P70823)

Dated:  June 12, 2017

## CERTIFICATE OF SERVICE

I certify that on June 12, 2017, I served a copy of this document on all attorneys of record, and on the plaintiff and/or any other party if not represented by counsel, at their addresses listed above by delivering the document via:

| | | |
|---|---|---|
| __X__ U. S. Mail | | _____ Facsimile |
| _____ ECF Filing | | _____ Hand Delivery |
| __X__ E-Mail | | _____ Federal Express |

/s/ Michael A. Chichester, Jr.
Michael A. Chichester, Jr.

Firmwide:147305240.9 090069.1009

48