UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDULLAH HAYDAR,

    Plaintiff,

v.

AMAZON CORPORATE, LLC,
GARRET GAW,
PETER FARICY, and
JOEL MOSBY,

    Defendants.

Case No. 2:16-cv-13662
Honorable Laurie J. Michelson
Magistrate Judge Stephanie Dawkins Davis

---

**ORDER ON DEFENDANTS' MOTION FOR LEAVE TO ALLOW THE TAKING OF DE BENE ESSE DEPOSITIONS [117]**

---

In 2015, Amazon terminated Abdullah Haydar's employment. Haydar sued alleging discrimination and retaliation. Remaining for trial is Haydar's claim that Amazon discriminated against him because of his religion and national origin.

Since the lawsuit began, three critical trial witnesses, Avi Saxena, Derek Oehler, and Shelley Cerio, have left their employment with Amazon. Saxena now works in Bellevue, Washington and Cerio and Oehler work together in Santa Clara, California. (ECF No. 122, PageID.12172.) According to Amazon, these witnesses "have not presently indicated a willingness to travel to Michigan for trial." (ECF No. 117, PageID.11984.) Thus, Amazon seeks leave to take their trial or *de bene esse* depositions. (ECF No. 117.) While Plaintiff deposed all three witnesses during discovery, Amazon did not ask them any questions. So "to present the jury with a complete understanding of what occurred in the time leading up to, and surrounding, Plaintiff's termination" (ECF No. 117, PageID.11985-11986), Amazon wants to take their trial depositions. And to alleviate any prejudice to Plaintiff, Amazon has offered to pay opposing counsel's travel expenses.

Plaintiff, though, does not believe additional depositions are necessary. While "Plaintiff does not dispute that these three employees are material fact witnesses in this case," (ECF No. 119, PageID.12171), Plaintiff contends that Amazon has already had the opportunity to question these witnesses (*id.* at PageID.12174). And Plaintiff's counsel says there is more to prejudice than just their travel costs. They also say traveling to the west coast is time consuming and cuts into their time for trial preparation (for a trial beginning in October). (ECF No. 122, PageID.12176.) And Haydar is presently working in New York and would be unable to take more time off work to attend the depositions. (*Id.*) Further, even if Amazon pays travel expenses, the extra work for Haydar's lawyers will result in increased fees. (*Id.*) And the trial depositions would make more work for the court and the lawyers in terms of resolving objections after the fact. (*Id.*, PageID.12177.) Plaintiff also points out that the rationale for Amazon's motion is vague. The fact that the witnesses have not presently expressed a willingness to travel to Detroit for the trial does not necessarily mean they will not show up come October.

The Court agrees with some of the parties' arguments and disagrees with others.

Federal Rule of Civil Procedure 32(a)(4)(B) provides that if a witness is more than 100 miles from the place of trial, then "[a] party may use for any purpose the deposition of a witness, whether or not a party." Plaintiff does not dispute that Cerio, Oehler, and Saxena are technically "unavailable." (ECF No. 122, PageID.12173.) Thus, says Plaintiff, this means their discovery depositions can be used at trial if they decide not to appear personally. But, as Amazon points out, the Federal Rules also permit a party to seek leave to depose a witness that has already been deposed in the case. Fed. R. Civ. P. 30(a)(2)(A)(ii). Thus, says Amazon, they should be permitted to take trial depositions of these three potentially unavailable witnesses so that the jury can hear their side of the case as well.

2

It is true that the Federal Rules of Civil Procedure do not distinguish between a deposition taken for the purpose of discovery and one taken for the purpose of preserving testimony for trial. *See El Camino Res., Ltd. v. Huntington Nat. Bank*, No. 07-598, 2009 WL 1228680, at *5 (W.D. Mich. Apr. 30, 2009); *see also Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 356 (D. Colo. 2001) (holding that the discovery cut-off does not affect parties from memorializing the testimony of an unavailable witness through a trial deposition). But several courts have recognized the position advocated by Plaintiff here—that "[w]here a party makes a tactical decision during discovery to refrain from deposing a non-party witness who is beyond the subpoena power of the court, but who has relevant information to offer in the case, that party takes the risk that the testimony will not be presented at trial if the witness does not voluntarily appear." *Integra Lifesciences I, Ltd v. Merck KGaA*, 190 F.R.D. 556, 558 (S.D. Cal. 1999) (citing *Henkel v. XIM Prods., Inc.*, 133 F.R.D. 556, 557 (D. Minn. 1991)). Those courts did note, however, that "[t]his is not to say that there may be appropriate circumstances under which a party could proceed to take a deposition of a witness to perpetuate testimony at trial." *Id*. As examples, the *Integra* court suggested a circumstance where a witness had "suddenly moved" outside the court's subpoena power or who "becomes seriously ill and is physically unable to testify at trial." *Id*.

Other cases suggest, however, that "[e]ven though the rules provide no distinctions as between discovery and trial depositions, courts have recognized as a practical matter that, in fact, differences exist." *Estenfelder*, 199 F.R.D. at 354. The *Estenfelder* court also noted that "attorneys normally do not depose their own witnesses, or 'friendly' witnesses, for purposes of discovery." *Id*. at 355. This practical distinction between discovery depositions and trial depositions "has been recognized by trial courts in this district." *Benedict v. United States*, No. 15-10138, 2016 WL 6138599, at *2 (E.D. Mich. Oct. 21, 2016); *see also Marmelshtein v. City of Southfield*, No. 07-

3

CV-15063, 2010 WL 4226667, at *2 (E.D. Mich. Oct. 21, 2010) ("Courts in this circuit generally recognize the need to treat de bene esse depositions differently in certain respects that those of discovery depositions" and allowing the plaintiff to conduct a second deposition of a witness for trial purposes after the close of discovery); *Burket v. Hyman Lippitt, P.C.*, No. 05-72110, 2008 WL 1741875, at *3 (E.D. Mich. Apr. 11, 2008) ("[T]his Court's scheduling order setting a date by which discovery shall be completed was intended to set a date to close discovery; it had nothing to do with de bene esse depositions."). "The simple fact, known to all trial practitioners, is that witnesses often become unavailable for trial, whether because of distance or conflicting schedules . . . . In such circumstances, de bene esse depositions taken shortly before trial are commonplace and are properly understood as part of the trial proceedings, not discovery." *El Camino Res.*, 2009 WL 1228680, at *5. "Part of the rationale for allowing trial depositions is to ensure that the parties are able to present a full case despite the problem of witness availability, and to ensure that the fact-finder is reaching its decisions based on all relevant evidence." *Benedict*, 2016 WL 6138599, *2.

Here, at the time Plaintiff took Cerio's deposition, she had already left Amazon and had started her new job in California. (ECF No. 122, PageID.12171-12172.) So she always posed the risk of being an "unavailable" non-party witness. And Amazon offers no explanation for why they chose not to question her. So as to Cerio, the Court will deny leave to take her second deposition.

The situation was different with Saxena and Oehler. At the time of their depositions, they were still Amazon employees. And the parties fully expected they would be live trial witnesses. But, as Plaintiff points out, there was always the risk they too would leave Amazon and be beyond the subpoena power of a Detroit court if they chose not to come voluntarily. And Amazon had the opportunity to alleviate this risk by questioning these witnesses at their depositions. And to force

Plaintiff's counsel to make another trip to the west coast two months prior to trial would impose some additional burden. So with respect to Saxena and Oehler, the Court will grant Amazon leave to take their second depositions with the following options: (1) no later than 3 weeks prior to trial, Saxena and Oehler will make themselves available for a trial deposition at a place and time on the west coast to be agreed on by the parties, with Amazon covering travel expenses for two members of Plaintiff's trial team, as well as the fees for counsel's time spent preparing for, traveling to, and attending the depositions; or (2) no later than 2 weeks prior to trial, Saxena and Oehler will make themselves available for a deposition at a place and time to be agreed upon by the parties in the Eastern District of Michigan; or (3) Saxena and Oehler may testify live at the trial.[1]

Thus, for the reasons stated above, Amazon's motion for leave to allow the taking of de bene esse depositions of non-parties Derek Oehler, Shelly Cerio, and Avi Saxena is GRANTED IN PART AND DENIED IN PART.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: August 19, 2019

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 19, 2019.

s/William Barkholz
Case Manager to
Honorable Laurie J. Michelson

---

[1] The Court is not imposing fees for options 2 and 3 because there is obviously less hardship if the witnesses come to the Detroit area and if they testify during the trial, Plaintiff's counsel was always going to spend time to prepare for their questioning.