# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ABDULLAH HAYDAR,

                Plaintiff,

vs.

AMAZON CORPORATE, LLC, a
foreign limited liability corporation;
GARRETT GAW, an individual;
PETER FARICY, an individual; and
JOEL MOSBY, an individual,

                Defendant.

Case No: 2:16-cv-13662

HON. LAURIE J. MICHELSON

MAG. STEPHANIE DAWKINS
DAVIS

---

| | |
|---|---|
| DAVID A. NACHT (P47034)<br>JOSEPH X. MICHAELS (P79084)<br>ADAM M. TAUB (P78334)<br>NACHTLAW, PC<br>101 N. Main Street, Suite 555<br>Ann Arbor, MI  48104<br>734.663.7550<br>dnacht@nachtlaw.com<br>jmichaels@nachtlaw.com<br>ataub@nachtlaw.com<br>*Attorneys for Plaintiff* | ROBERT WOLFF<br>OH Bar No. 0006845<br>LITTLER MENDELSON, P.C.<br>Oswald Centre<br>1100 Superior Avenue<br>East, 20th Floor<br>Cleveland, OH 44114<br>216.623.6065<br>rwolff@littler.com<br><br>MICHAEL A. CHICHESTER, JR.<br>(P70823)<br>LITTLER MENDELSON, P.C.<br>200 Renaissance Center, Suite 3110<br>Detroit, MI 48243<br>313.446.6400<br>mchichester@littler.com<br>*Attorneys for Defendants* |

---

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

## I.     INTRODUCTION

After eight days of testimony, Plaintiff Abdullah Haydar has been fully heard on his claims before a jury.  Yet, no "reasonable jury" could find a "legally sufficient evidentiary basis to find for" Haydar on any of his claims. Indeed, Haydar's "evidence" has been mere speculation and he has come forward with no direct or circumstantial evidence to support his national-origin and religious discrimination claims. Therefore, pursuant to Federal Rule of Civil Procedure 50(a), Defendants Amazon Corporate, LLC, Garrett Gaw, Peter Faricy, and Joel Mosby (collectively "Defendants") move this Court for an Order granting judgment as a matter of law on Haydar's remaining claims.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 50(a) provides that the Court may grant a motion for judgment as a matter of law where, as here, after a party has "been fully heard" and "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on the issue."  FRCP 50(a)(1).[1]

---

[1] Federal Rule of Civil Procedure 50(a) provides, in full:

(a) JUDGMENT AS A MATTER OF LAW.

   (1) *In General.* If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

      (A) resolve the issue against the party; and

      (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Judgment as a matter of law is appropriate when "viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party." *Tisdale v. Federal Express, Corp.*, 415 F.3d 516, 527 (6th Cir. 2005). "'[W]henever there is a complete absence of pleading or proof on an issue material to the cause of action or when no disputed issues of fact exist such that reasonable minds would not differ' only then is it appropriate to take the case away from the jury." *Carter v. Assistant Deputy Warden Ricumstrict*, 2013 U.S. Dist. LEXIS 45065 (E.D. Mich. 2013) (quoting *O'Neill v. Kiledjian*, 511 F.2d 511, 513 (6th Cir. 1975)); *see also Erskine v. Consol. Rail Corp.*, 814 F.2d 266, 269 (6th Cir. 1987) ("For a case to be properly submitted to the jury, there must be 'more than a scintilla' of evidence supporting the claim. . . . When the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the verdict the court should determine the proceeding by non-suit, directed verdict . . . or by judgment notwithstanding the verdict. By such direction of the trial the result is saved from the mischance of speculation over legally unfounded claims."); *Amor Ministries v. Century Sur. Co.*, 2016 U.S. Dist. LEXIS 47965 at *16 (9th Cir. 2016) (Judgment as a matter of law "is appropriate when the jury could have relied only on ***speculation*** to reach its verdict.") (emphasis added); *Lexington*

---

(2) *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

*Ins. Co. v. Horace Mann Ins. Co.*, 861 F.3d 661, 671-672 (7ᵗʰ Cir. 2017) ("***mere***

***speculation*** . . . cannot defeat a judgment under Rule 50(a).") (emphasis added).[2]

## III.    HAYDAR LACKS ANY EVIDENCE OF NATIONAL ORIGIN OR RELIGIOUS DISCRIMINATION

"The ultimate question in every employment discrimination case involving a claim

of disparate treatment is whether the plaintiff was the victim of ***intentional***

discrimination." *Noble v. Brinker Int'l, Inc.*, 391 F.3d 715, 721 (6th Cir. 2004)[Emphasis

added] [internal quotes omitted]. "The ultimate burden of persuading the trier of fact

that the defendant intentionally discriminated against the plaintiff remains ***at all times***

with the plaintiff." *Id.* [Emphasis added][internal quotes omitted].

### A.    Haydar's "Evidence" of Any Alleged Discriminatory Animus is Entirely *Speculative*

Haydar has no evidence, just *speculation*, that his national origin or religion played

any role in any adverse action.  He cannot demonstrate that any similarly situated

employee outside his protected classes was treated more favorably. Indeed, no other

employee has been presented who had the duration and volume of negative feedback

that Haydar received.

---

[2] Important to note, "when the district court [] denies a summary judgment motion, the ruling does not bind the district court when it later called upon to decide a Rule 50 motion." *Wells v. O'Malley*, 106 F. App'x 319, 322-323 (6ᵗʰ Cir. 2004). "The reason is straightforward…[s]ummary-judgment rulings are anticipatory, and plaintiffs and trial courts occasionally err on the side of expecting that more (rather than less) evidence will be presented in support of a claim." *Id.* "When [he] has not, a district court quite permissible may decide that the issue should not go to a jury even though it earlier denied a motion for summary judgment…" *Id.*

"For a case to be properly submitted to the jury, there must be 'more than a scintilla' of evidence supporting the claim." *Erskine v. Consol. Rail Corp.*, 814 F.2d 266, 269 (6th Cir. 1987). In fact, "our law is well-established that rumors, conclusory allegations and subjective beliefs . . . are wholly insufficient evidence to establish a claim of discrimination as a matter of law." *Risch v. Royal Oak Police Dep't*, 581 F.3d 383, 398 (6th Cir. 2009)(internal quotes omitted.) Therefore, a "non-moving party, must be able to show sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation." *Fletcher v. U.S. Renal Care,* 709 F. App'x 347, 352 (6th Cir. 2017).

Haydar claims that Faricy (the alleged puppet-master pulling the strings) showed discriminatory animus because he allegedly said "you people" Plaintiff's recollection of Faricy's use of this term has evolved with time and, by trial, Haydar claimed it was said on several occasions and was "seared in his memory". The evidence is undisputed, however, that, despite serial written complaints, Haydar never shared this allegation in any one of the complaining emails and letters generated during his tenure, including emails to HR Reps JoHahnson, Cole, McVey, Cerio, DeCleene and Oehler and two letters to Jeff Bezos. Every other witnessed has testified that they never heard Peter Faricy make this comment. Clearly, no reasonable jury could conclude that Faricy made this comment. Haydar further alleges that Faricy made a few purportedly "offensive" comments about Haydar's relationship with his wife. (Tr. Vol. 5, p. 54; Tr Vol. 2 ,p.160-165). Yet, these purported comments were clearly linked to Haydar's sacrifice in

commuting to Seattle while his wife remained in Detroit. Nothing suggests that this testimony was related to Haydar's religion or ethnicity in any way, shape or form, particularly in light of the extraordinary diversity in Marketplace on account of Faricy's efforts.

Even if Haydar presented sufficient evidence that Faricy made these comments (which he has not), there is simply no evidence that Faricy terminated Haydar or that these comments were close in time to or connected to the termination decision. As Justice O'Conner observed in her concurrence in *Price Waterhouse, v Hopkins*, 420 U.S. 228, 277 (1989): "stray remarks in the workplace, while perhaps probative . . . cannot justify requiring the employer to prove that its . . . decisions were based on legitimate criteria. Nor can statements by non-decision makers, or statements by decision makers unrelated to the decisional process itself, suffice to satisfy the plaintiff's burden in this regard". See also *EEOC v. Clay Printing Co.*, 955 F.2d 936, 941 (4th Cir. 1992) (describing remarks as not directly related to a decision maker or the decision and thus not sufficiently probative of discrimination); *Reed v. Neopost* USA, Inc., 701 F.3d 434, 441 (5th Cir. 2012) (noting that a test that requires comments be made by a decision maker and be related to the decision still applies where the proponent seeks to use the remark as direct evidence); *Tooson v. Roadway Express*, Inc., 47 F. App'x 370, 375 (6th Cir. 2002) (in order for stray remarks to be considered, they must be made by a decision maker).

Here, Faricy's alleged comments were entirely unrelated to any employment decision challenged by Haydar.  In addition, he was not a decision-maker.  Haydar

speculates, once again without presenting sufficient evidence, that personnel decisions adverse to him were made at an off-site meeting in October 2014. (Tr. Vol. 3, pgs. 22-23, 33). Yet, Haydar's own testimony concedes that he was never present for this meeting:

> Q. Okay. And, in fact, you reference an October offsite. Were you present for that October offsite in October of 2014 that you referenced?
>
> A. No.
>
> Q. Okay. Do you know who was present at that offsite?
>
> A. No, not for sure. (Tr. Vol. 5, pg. 10).

Here, not only does Haydar admit he was not present for the meeting, but he does not even know who attended. Haydar's only "evidence" is speculative in nature and cannot give rise to a claim that can be properly submitted to the jury. *Id.* Haydar further relies upon the fact that Peter Faricy had an appointment with Stefan Haney for drinks after work (rescheduled from an appointment for coffee) and that, at that meeting, Haydar surmises that Haney and Faricy hatched another plan to solicit negative 360 feedback about Haydar (never mind the fact that identical negative feedback was received in 2013, 2104 and even earlier that January in 2015). Again, the only testimony regarding what occurred at that meeting dispelled any notion that Plaintiff was discussed. These allegedly covert meetings and 2015 OLR notes (which Faricy neither wrote nor read) stating Haydar was being "managed out" (although he

was placed on a PIP) are the sum total of evidence that Faricy made a termination decision.

Plaintiff conceded the lack of evidence of intentional discrimination by Gaw and Mosby (Tr. Vol 5 p.64): (conceding they were just "obeying orders"). Weak as it was, the only evidence of discriminatory intent was directed against Peter Faricy. There is no credible evidence that he was a decision maker on Plaintiff's termination. Nor were these comments related to any challenged decision. Thus the discriminatory discharge claim fails as a matter of law.

In fact, Haydar admits that his allegations of discrimination are speculative:

> Q. Is it possible that Faricy, Mosby, and Gaw just really sincerely thought that you had interpersonal issues that made it very difficult for you to be successful at Amazon?
> *A. Yes, it's possible.*

(Tr. Vol. 5, pg. 64).

Thus, no reasonable jury can find that Defendant's intentionally discriminated against Haydar without "impermissibly speculating." *Butts v. McCullough*, 237 F. App'x 1, 8 (6th Cir. 2007). Accordingly, Amazon is entitled to judgment as a matter of law. FRCP 50(a).

### B.    Haydar has No Evidence to Support a Failure to Promote Claim

To the extent Haydar purports to assert a failure to promote claim, he has provided no evidence to allow such a claim to proceed to the jury. See, e.g., *Carter v. Assistant Deputy Warden Ricumstrict*, 2013 U.S. Dist. LEXIS 45065 (E.D. Mich. 2013) (where "there is a complete absence of . . . proof on an issue material to the cause of

action or when no disputed issues of fact exist such that reasonable minds would not differ' only then is it appropriate to take the case away from the jury.").

To establish a *prima facie* case of failure to promote, Haydar must show: "(1) he is a member of a protected class; (2) he applied for and was qualified for a promotion; (3) he was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions at the time the plaintiff's request for promotion was denied." *Nguyen v. City of Cleveland*, 229 F.3d 559, 562-63 (6th Cir. 2000) (citation omitted).

Haydar's failure to promote theory fails at the *prima facie* stage because he has submitted no evidence that he ever requested a promotion; no evidence that he was ever denied a promotion; no evidence that he was considered for a promotion; and no evidence that he was qualified to receive a promotion where he was not even performing to Amazon's expectations at his L7 level, as evidenced by each of his performance ratings. (*See, e.g,* Tr. Vol. 3, pp. 122-123; Tr. Vol. 4, pp. 120-121). Indeed, Haydar testified that he was never involved in the promotion process. (Tr. Vol. 5, p. 128).[3] In fact, a promotion from a L7 to a L8 is a rigorous process that requires the approval of several individuals, including soliciting feedback from six to eight directors and Vice President's throughout the business, the consideration by a panel of tech

---

[3] Q. Were you ever involved in any way, any shape, or any form
in a promotion from L7 to L8?
A. No.

leaders and a vote at the Marketplace Organizational Leadership Review (Tr. Vol. 6, pg. 69-70.) Other than self serving opinion evidence by Plaintiff, he has offered no evidence of any prong of this test.

Consequently, Haydar has no evidence – much less "legally sufficient" evidence – to support the jury deciding a failure to promote claim, and Amazon is entitled to judgment as a matter of law. FRCP 50(a).

### C.    Haydar's Claims Against the Individual Defendants Lack Any Evidence

#### 1.    Defendants Garret Gaw and Joel Mosby Cannot Be Liable Where There is No Evidence of Intentional Discrimination or Discriminatory Animus

Haydar's ELCRA national-origin and religious discrimination claims against Defendants Gaw and Mosby fail as a matter of law because there is no evidence that their actions were examples of intentional discrimination, or that they were based on discriminatory animus.[4]

As stated above, "[t]he ultimate question in every disparate treatment case is whether the plaintiff was the victim of intentional discrimination." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 135, 120 S. Ct. 2097, 2102, 147 L. Ed. 2d 105 (2000). As this Court is aware, a plaintiff suing under Elliot-Larsen may support a claim "by introducing direct evidence of discrimination or by [presenting] circumstantial evidence

---

[4] Michigan courts are in agreement that a defendant's alleged discriminatory action must be intentionally motivated, not accidental. See, M Civ JI 105.02.

[that] would support an inference of discrimination." *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 348 (6th Cir. 1997).

Here, Haydar has presented no evidence that either Gaw or Mosby committed any act that could be described as intentional discrimination, much less one that could be characterized as discriminatory animus. Indeed, Haydar admitted to the jury that neither Gaw nor Mosby ever said anything that could be inferred as having a discriminatory animus:

> Q. In fact, other than Peter Faricy, no one at Amazon said anything to you where you thought the words evidenced the discriminatory attitude against you based on ethnicity or your religion, correct?
> A. Yes.

(Tr. Vol. 4, p. 64). Most importantly, Haydar testified that he did not believe Gaw and Mosby were intentionally discriminating against him:

> Q. Is it your position that Mr. Gaw and Mr. Mosby were simply doing what their boss directed them to do?
> A. Yes.
> Q. Yet, you sued them for intentional discrimination as well?
> A. Yes.

(Tr. Vol. 5, p. 64.) Haydar admitted that he never submitted anything to Amazon that alleged national-origin or religious discrimination. (Tr. Vol. 5, pp. 54-60; 67). Therefore, Haydar has admitted that he has no direct evidence of any discriminatory animus on the part of Gaw or Mosby. *Provenzano v. LCI Holdings, Inc.,* Case No. 08-15295-BC, 2010 U.S. Dist. LEXIS 35671, *9 (E.D. Mich. April 12, 2010) ("Under the ELCRA, the plaintiff must be able to prove that the defendant's discriminatory animus was a

'substantial' or 'motivating' factor in the decision.").

Moreover, while "ELCRA mixed-motive discrimination claims based on direct evidence are subject to the same analysis as Title VII discrimination claims," "Michigan courts continue to require that mixed-motive cases under ELCRA be established by direct evidence." *Ondricko v. MGM Grand Detroit, LLC*, 689 F.3d 642, at 653 (6th Cir. 2012).  Therefore, in order to maintain a discrimination claim under ELCRA, Haydar "cannot rely on a mixed-motive theory and must satisfy the *McDonnell Douglas* burden-shifting framework based on a single-motive theory." *Id.*[5]

To establish a *prima facie* case, Haydar must establish these elements: (1) he was a member of a protected class; (2) he was subjected to an adverse employment action; (3) he was qualified; and (4) he was replaced by a worker outside the protected class or was treated less favorably than a similarly-situated individual outside the protected class. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010).  Here, Haydar cannot establish the fourth element.   After his termination, Haydar was replaced by Anas Fatahi, also a Syrian-American Muslim.  (Doc. 69 at 35). Haydar has not shown – as he cannot show – that he was replaced by someone outside of his protected classifications. Nor has Haydar shown that he was treated less favorably than a similarly-situated individual outside the protected class.  Therefore, Haydar cannot establish a *prima facie* case of discrimination against Gaw or Mosby under the ELCRA and they are entitled

---

[5] And the same analysis to Amazon and Peter Faricy.

to judgment as a matter of law. FRCP 50(a).

### 2. Defendant Faricy Cannot Be Liable Because There is No Evidence that He Took Any Adverse Action Against Haydar

Similar to Defendants Gaw and Mosby, Haydar alleges that Defendant Faricy discriminated against him in violation of Michigan's ELCRA statute. Yet, this claim fails for the same reason that it fails against Gaw and Mosby: Haydar has no evidence – direct or circumstantial – that establishes discriminatory animus.

As described above, Haydar's lone claim that Faricy showed discriminatory animus is that, allegedly, Faricy said "you people." And (allegedly) referenced the sacrifice of Mr Haydar's wife while he was commuting to Seattle. (Tr. Vol. 5, p. 54). While Haydar speculates the alleged comment had something to do with his religion or national origin, he has no evidence the comment had anything to do with his protected status. Indeed, it was so unimportant that Haydar admitted that he never referenced it in any of his many emails or complaints while working at Amazon. (Tr. Vol. 5, p. 54). But more importantly, Faricy never took any adverse action against Haydar as it was Gaw's decision to terminate Haydar's employment. (Tr. Vol. 8, pg. 23, 78).

The law is clear that "if discriminatory statements are offered as direct evidence of discrimination, those statements 'must come from [the] decision makers' responsible for the adverse employment decision." *Richardson v. Wal-Mart Stores, Inc.*, 836 F.3d 698, 703 (6th Cir. 2016) (citation omitted). "Statements by non-decision makers, or statements by decision makers unrelated to the decisional process itself ***cannot suffice***

*to satisfy the plaintiff's burden of demonstrating animus.*" *Id.* (internal quotation marks and citation omitted; emphasis added).  Accordingly, even if Haydar claims that the statement "you people" – unconnected as it is to any protected class – was evidence of discriminatory animus, it cannot satisfy his "burden of demonstrating animus" and Faricy is entitled to judgment as a matter of law. FRCP 50(a); *Richardson*, 836 F.3d at 703.

## IV.    HAYDAR HAS NO EVIDENCE TO SUPPORT HIS CLAIM FOR DAMAGES AND CANNOT ESTABLISH A CLAIM FOR FRONT PAY

If Haydar's failure to promote claim is dismissed as a matter of law, then his claim for damages in the form of front pay also fails as a matter of law as his own economic expert predicts that he is fully mitigating his damages through other employment.

This Court, in *Kelmendi v. Detroit Bd. of Educ.*, 2017 U.S. Dist. LEXIS 63652 (E.D. Mich. 2017) noted that:

> Trial courts play a gatekeeping role and can thus dispense with any possibility of a front pay award before a jury reaches a finding on liability. As the Sixth Circuit has held, "While the determination of the precise amount of an award of front pay is a jury question, the initial determination of the propriety of an award of front pay is a matter for the court." *Arban v. W. Pub. Corp.*, 345 F.3d 390, 406 (6th Cir. 2003).

*Id.* at *25.  This Court also held that the "gatekeeping role" applies in both Title VII and ELCRA claims and that the Court must consider factors such as the plaintiff's mitigation efforts and availability of other employment opportunities. *Id.* at *28-34. *See,*

*also, Roush v. KFC Nat. Mgmt. Co.*, 10 F.3d 392, 400 (6th Cir. 1993) (concluding as a matter of law that front pay was not appropriate where plaintiff had accepted a full-time position at another company within two months of her discharge at a salary comparable to that which she earned while employed by defendant); *DeFlice v. Heritage Animal Hosp., Inc.*, No. 08-14734, 2011 WL 4507291, at *2 (E.D. Mich. Sept. 29, 2011) (finding "front pay is inappropriate" where "Plaintiff was able to secure comparable employment that placed her in a 'substantially equivalent' position."); *Stafford v. Elec. Data Sys. Corp.*, 749 F. Supp. 781, 790 (E.D. Mich. 1990) *citing Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1347 (9th Cir. 1987) ("It is clear that front pay awards, like backpay awards, must be reduced by the amount plaintiff could earn using reasonable mitigation efforts . . . . [T]he plaintiff's duty to mitigate must serve as a control on front pay damage awards. Thus, an award of front pay is intended to be temporary in nature.").

In *Kelmendi*, this Court concluded that the question of front pay should not have gone to the jury because the plaintiff did not provide evidence to support an award of front pay and because his claim was "speculative." *Kelmendi*, 2017 U.S. Dist. LEXIS 63652 at *34. Here, Haydar's own economic expert's report revealed that beginning in 2020, Plaintiff will be earning more money for the next three years than he would have at Amazon, and thus Plaintiff has fully mitigated his alleged front pay damages. (P 113-03, pg. 8). In 2019, Mr Haydar earned $225,000, $200,000 in stock and a cash bonus of $37,500.(Tr. Volume 5 p. 89) Consequently, this Court should act as a gatekeeper and

find that the question of front pay is not properly before the jury. *Kelmendi,* 2017 U.S. Dist. LEXIS 63652 at *34.

## V. CONCLUSION

Defendants request that the Court enter an Order grating their Motion for Judgment as a Matter of Law, dismissing the Michigan State law claims against the three individual defendants, dismissing the Title VII claims against Amazon, including the claim for failure to promote.

/s/ Robert M. Wolff
ROBERT WOLFF
OH BAR NO. 0006845
LITTLER MENDELSON, P.C.
OSWALD CENTRE
1100 SUPERIOR AVENUE
EAST, 20TH FLOOR
CLEVELAND, OH 44114
216.623.6065
RWOLFF@LITTLER.COM
*Attorneys for Defendants*

Dated: November 1, 2019

## CERTIFICATE OF SERVICE

I certify that on November 1, 2019, I served a copy of this document on all attorneys of record, and on the plaintiff and/or any other party if not represented by counsel, at their addresses listed above by delivering the document via:

| | | | |
|---|---|---|---|
| _____ | U. S. Mail | _____ | Facsimile |
| X | ECF Filing | _____ | Hand Delivery |
| _____ | E-Mail | _____ | Federal Express |

/s/ Robert M. Wolff
Robert M. Wolff